IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REGINALD A. OWENS, #227301, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-287-MEF |
| | ) | [WO] |
| | ) | |
| JAMES DELOACH, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Reginald A. Owens ["Owens"], a state inmate, alleges that the defendants violated his constitutional rights by using excessive force against him in October of 2004 during his incarceration at the Draper Correctional Facility ["Draper"].  The plaintiff names James DeLoach, the Warden of Draper, and William Miller, Larry Philyaw, Kevin Rudolph, Michael Shuford and Paul Sanders, correctional officers assigned to Draper at the time of the alleged use of force, as defendants in this cause of action.  Owens seeks declaratory relief, monetary damages and initiation of criminal charges for the alleged violations of his constitutional rights.

The defendants filed a special report and supporting evidentiary materials addressing Owens' claims for relief.  In accordance with the instructions contained in the order entered on May 24, 2005 (Court Doc. No. 14), the court deems it appropriate to treat this report as a motion for summary judgment.  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of such motion, the evidentiary materials filed

in support thereof, and the plaintiff's response in opposition to this motion, the court
concludes that the defendants' motion for summary judgment is due to be granted in part
and denied in part.

## I. BACKGROUND

Owens asserts that on October 30, 2004, without provocation and while he was in
handcuffs, he was assaulted by defendants Miller, Rudolph, Shuford, Sanders and Philyaw.
*Plaintiff's Complaint - Court Doc. No. 1* at 6.  Specifically, Owens maintains that officer
Shuford "hit [him] in the head with a metal rod, stick, or baton" and, while he was in the
shift commander's office, he "<u>was choked by Sgt. Miller ... [and] slapped around by officer</u>
<u>Rudolph and [officer] Philyaw....</u>  After being escorted from the shift office while in
handcuffs (behind back) ... [plaintiff] was then taken to the correctional center segregation
unit and <u>thrown to the ground by officer Philyaw and stomped by officers</u>.  The officers
present was Sanders, Philyaw and Shufford." *Id.* (emphasis in original).  Officers Philyaw,
Shuford and Sanders then escorted Owens to the shower.  An argument allegedly ensued
between Owens and Shuford.  "<u>As the argument started officer Sanders pushed the inmate</u>
<u>back to the shower wall while the officer Shufford swong the metal rod, stick, or baton</u>
<u>making impact to the inmates head ....</u>  The inmate was in the shower area for about 30 to
45 minutes before Sgt. Miller returned with a nurse.  The nurse stated that the inmate
needed to go to a hospital in society because the injuries was to severe.  Instead of carrying
the inmate right away the Sgt. Miller turned on the shower and made the inmate take a

shower first." *Id*. at 7 (emphasis in original).  Owens contends he suffered "a fractured wrist and a burst head" as a result of the assaults by these correctional officers.  *Id*. at 6.

Owens further argues that defendant DeLoach is responsible for the actions of correctional officers under his supervision and is likewise liable under § 1983 because he had knowledge of a prior physical altercation between the plaintiff and Lt. J.E. Steele.

The defendants deny violating the plaintiff's constitutional rights.  Specifically, it is undisputed that defendant DeLoach had no personal involvement with the incidents about which the plaintiff complains.  Additionally, the remaining defendants maintain that they used only that amount of force necessary to subdue Owens after he rushed officers Shuford and Sanders in the shower area.  According to defendants:

> At approximately 7:18 PM [on October 30, 2004], after completing inprocessing of inmate Reginald Owens ... into administrative segregation, Officers Shuford and Sanders opened the shower door to escort inmate Owens to his assigned cell #16 when inmate Owens attempted to rush Officers Shuford and Sanders.  Officer Shuford took hold of inmate Owens waist area and Officer Sanders got hold of the upper body and the both of them attempted to force inmate Owens to the floor in attempt to subdue inmate Owens combative action.  During the altercation, inmate Owens hit his head on the inner right side door frame of the shower.  Officers Shuford and Sanders managed to place inmate Owens face down on the shower floor. While Officer Shuford held down inmate Owens, Officer Sanders handcuffed inmate Owens from behind. Once inmate Owens was handcuffed, Officers Shuford and Sanders, each taking an arm, helped inmate Owens to his feet. At that time, Officer Shuford observed blood coming from the right side of inmate Owens head.  Officers Shuford and Sanders exited the shower and locked inmate Owens inside the shower....  At approximately 7:25 PM, Sgt. Miller and Nurse Lysykanycz entered the segregation unit to examine inmate Owens.  Nurse Lysykanycz informed Sgt. Miller that inmate Owens needed to go to Staton Health Care Unit to be thoroughly examined because it looked like he (Owens) might need stitches....  At approximately 7:55 PM, Officers

Sanders and Gary Holder escorted inmate Owens to SHCU for a medical examination.... At approximately 9:05 PM, Officers Rondell Wannamaker and Sanders transported inmate Owens to Elmore County Hospital for medical treatment....

*Defendants' Attachment 2 to Exhibit 1 - Institutional Incident Report DCC 04-292* at 1-2.

The defendants further maintain that at no other time did any correctional officer use force against inmate Owens.

## II. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, Owens is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir.

1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).  Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275,

1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).   In this case, Owens has demonstrated a genuine issue of material fact in order to preclude summary judgment with respect to his excessive force claims against defendants William Miller, Larry Philyaw, Kevin Rudolph, Michael Shuford and Paul Sanders in their individual capacities. *Matsushita*, *supra*.   However, defendant DeLoach is entitled to summary judgment as a matter of law.

### III.  DISCUSSION

#### A.  The Request for Criminal Prosecution

Owens requests that criminal charges be initiated against the defendants for the uses of force undertaken against him on October 30, 2004.   In order to proceed on a claim under 42 U.S.C. § 1983, the conduct complained of must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.   *Parratt*, *supra*.   A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."   *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also*

6

*Leeke v. Timmerman*, 454 U.S. 83 (1981).  Consequently, Owens has no constitutionally protected interest in the prosecution of the defendants and this claim is therefore subject to dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Absolute Immunity

To the extent Owens sues the defendants in their official capacities, they are immune from monetary damages.  Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendants are state officials entitled to Eleventh Amendment immunity when sued in their official capacities.  Thus, the defendants are entitled to absolute immunity from the claims asserted by the plaintiff against them in their official capacities.

7

## C.  Individual Capacity Claims

1.  <u>Warden James Deloach</u>.  It is undisputed that defendant DeLoach did not participate in the uses of force about which Owens complains.  DeLoach only learned of the incident(s) upon receiving a telephone call from defendant Miller.  Moreover, the evidentiary materials submitted by the defendants demonstrate that the actions about which Owens complains did not occur pursuant to a policy enacted by DeLoach.

A defendant cannot be held liable under § 1983 based on a theory of respondeat superior or on the basis of vicarious liability.  *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006), *cert. denied*, ____ U.S.____, 2007 WL 1461087 (May 21, 2007) (" Supervisory officials cannot be held liable under § 1983 for the unconstitutional actions of their subordinates based on respondeat superior liability.  *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir.1999)."); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  "Instead, supervisors can be held personally liable when either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation."  *Gray*, 458 F.3d at 1308 (citation omitted); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988).  Owens does not allege that warden DeLoach personally participated in the uses of force made the basis of the instant complaint.  Thus, the court must address his claims against this defendant under the second prong.  Under this method of liability, "'[t]he causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice

8

of the need to correct the alleged deprivation, and he fails to do so.'  [*Hartley*, *supra*.] (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)."  *Gray*, 458 F.3d at 1308. Furthermore, to sufficiently notify the supervisor, the deprivations must not only be widespread, they also "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."  *Brown*, 906 F.2d at 671.

Warden DeLoach did not personally participate in the applications of force about which the plaintiff complains.  Owens has presented no probative evidence of obvious, flagrant or rampant abuse of continuing duration in the face of which DeLoach failed to take corrective action.  While Owens alludes to one other incident of force, a single incident is insufficient to establish the requisite causal connection with respect to his claims against defendant DeLoach.  The court therefore concludes that the motion for summary judgment as to Owens' claims against defendant DeLoach in his individual capacity is due to be granted.

2.  <u>William Miller, Larry Philyaw, Kevin Rudolph, Michael Shuford and Paul Sanders</u>.  Defendants Miller, Philyaw, Rudolph, Shuford and Sanders argue that they are entitled to qualified immunity on the plaintiff's excessive force claim.  However, the law of this Circuit precludes a defense of qualified immunity in cases alleging excessive force in violation of the Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation.  *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), citing *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986).  "Moreover, an officer who is present

at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich*, 280 F.3d at 1301. Thus, a qualified immunity defense is not available when a plaintiff alleges the use of excessive force, and the only question for a federal district court is whether the plaintiff has alleged facts sufficient to survive a motion for summary judgment, unless the force used was *de minimis* in nature. *Id.* at 1302; *see also Hudson,* 503 U.S. at 9-10; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). Accordingly, this court will consider whether the plaintiff's claims that defendants Miller, Philyaw, Rudolph, Shuford and Sanders used excessive force against him, which the court must take as true for purposes of summary judgment, set forth violations of his Eighth Amendment rights.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)); *see also Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson*, at 7-8, 112 S.Ct. 995; *see also Whitley*, 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321, 106 S.Ct.

1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301.

In *Hudson*, the Court held that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injuries.  *Id*. 503 U.S. at 9; *but see Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").  An excessive force claim likewise "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (quoting *Whitley*, 475 U.S. at 327).  In *Hudson*, the Court did not define "*de minimis* use of force" but suggested that the degree of injury received is at least relevant to determining whether more than *de minimis* force was used.  *Id.* at 10.

Owens contends that defendants Miller, Philyaw, Rudolph, Shuford and Sanders employed uses of force which were excessive, unprovoked and unjustified. Owens maintains that as a result of these attacks he suffered a severe laceration to his head and a fractured wrist. The defendants deny using excessive force against Owens and challenge his description of the nature of his injuries.

The injuries Owens received are only one factor for the court's consideration.  While the absence of serious injury is relevant to an Eighth Amendment inquiry, it does not end this inquiry.  *Hudson*, 503 U.S. at 7; *Skrtich*, 280 F.3d at 1304 n.8, citing *Perry v.*

*Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986); *see also Smith v. Mensinger*, 293 F.3d 641, 649 (3rd Cir. 2002) (considering the *de minimis* nature of injuries is an issue of fact to be resolved by the fact finder based on the totality of the evidence); *Brooks v. Kyler*, 204 F.3d 102, 103 (3rd Cir. 2000) (holding that there is "no fixed minimum quantity of injury that a prisoner must prove that he suffered" in order to state an excessive force claim). The court must also consider the need for application of force, the amount of force exerted, the threat reasonably perceived by the official and any efforts to temper the severity of the forceful response. *Skrtich*, 280 F.3d at 1305 n.9.

As indicated herein, Owens contends that defendants Miller, Philyaw, Rudolph, Shuford and Sanders employed physical force against him for no apparent reason and while he posed no threat. The defendants deny Owens' allegations regarding the use of excessive force. Viewing the facts in the light most favorable to Owens, as it is required to do, this court concludes that defendants Miller, Philyaw, Rudolph, Shuford and Sanders are not entitled to qualified immunity as Owens alleges facts sufficient to survive a motion for summary judgment. *See Skrtich*, 280 F.3d at 1301. Consequently, the motion for summary judgment with respect to the excessive force claim against defendants Miller, Philyaw, Rudolph, Shuford and Sanders in their individual capacities is due to be denied.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's request for criminal prosecution of the defendants be dismissed

pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The motion for summary judgment filed on behalf of defendant James DeLoach be GRANTED and the claims lodged against this defendant be DISMISSED with prejudice.

3.  Defendant DeLoach be DISMISSED as a party to this cause of action.

4.  The motion for summary judgment as to the claims against defendants Miller, Philyaw, Rudolph, Shuford and Sanders in their official capacities be GRANTED and such claims DISMISSED with prejudice.

5.  The motion for summary judgment with respect to the plaintiff's excessive force claims against defendants Miller, Philyaw, Rudolph, Shuford and Sanders in their individual capacities be DENIED.

6.   The plaintiff's excessive force claims against defendants Miller, Philyaw, Rudolph, Shuford and Sanders in their individual capacities be set for an evidentiary hearing.

It is further

ORDERED that on or before July 9, 2007 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 26th day of June, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE